UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARC KATZ, on behalf of himself
and others similarly situated,

        Plaintiff,

v.                                        **CLASS ACTION**

BANK OF AMERICA, N.A.,
a national bank,

        Defendant.
_____ /

**CLASS ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

1.     Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Plaintiff alleges that Defendant unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with both the FCCPA and the TCPA.

JURISDICTION AND VENUE

2.     This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012). Under 28

U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

3. Plaintiff, MARC KATZ ("Plaintiff" or "Mr. Katz"), is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff, at all times relevant herein, was the account holder of, and exercised dominion and control over, the cellular telephone to which Defendant was calling.

4. Defendant BANK OF AMERICA, N.A., is a national bank whose principal place of business is located at 100 North Tryon St., Charlotte, NC 28202.

5. Defendant is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing

the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

7. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

8. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

9. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (emphasis added).

10. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-3 at ¶ 133.

11. Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. See generally, *Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

12. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

13. The TCPA has a four-year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone*, 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

14. Written instructions to cease collection calls, made consistent with the provisions of the FDCPA, apply to the TCPA and thus effectively revoke any prior consent the caller may have had. See generally, *Starkey v. Firstsource Advantage, LLC*, 2010 WL 2541756 (W.D.N.Y. 2010) cf. *Adamcik v. Credit Control Services, Inc*., 2011 WL 6793976 (W.D.Tex.2011) (holding that verbal instructions from a consumer were sufficient means of revoking consent).

## FACTUAL ALLEGATIONS

15. The instant lawsuit stems from the telephonic collection efforts of Defendant with respect to Plaintiff's residential mortgage, which, according to Defendant, was allegedly in arrears.

16. On or about July 1, 2010, Defendant instituted an action for foreclosure of Plaintiff's mortgage in Florida's 17th Judicial Circuit Court in Broward County, Florida.

17. With respect to said action, Plaintiff retained the legal services of the law firm of Caserta, Spiriti, & Gonzalez.

18. On or about August 25, 2010, attorney Joseph Spiriti, of the law firm of Caserta, Spiriti & Gonzalez, filed a Notice of Appearance and Objection to Ex Parte Communication with Client in the aforementioned foreclosure action, and thereby informed Defendant that the Plaintiff was represented by

counsel and to cease all further communications with their client (the "Notice of Appearance").

19. A true and correct copy of the Notice of Appearance is attached hereto as Exhibit A.

20. On or about January 6, 2011, Caserta, Spirit & Gonzalez sent a letter containing a Special Power of Attorney to the Defendant, informing the Defendant that the Plaintiff was represented by counsel (the "Special Power of Attorney Letter").

21. A true and correct copy of the Special Power of Attorney Letter is attached hereto as Exhibit B.

22. On or about April 27, 2011, the Defendant sent a letter back to the law firm of Caserta, Spirit & Gonzalez confirming Defendant's receipt of the Special Power of Attorney Letter.

23. A true and correct copy of the Defendant's letter is attached hereto as Exhibit C.

24. Despite being made aware that Plaintiff had retained counsel and instructions to cease further communications with the Plaintiff in regard to the subject arrearage, Defendant proceeded to attempt to collect the debt by directly communicating with Plaintiff.

Case 0:13-cv-61372-WPD  Document 1  Entered on FLSD Docket 06/20/2013  Page 7 of 14

25. Defendant placed numerous telephone calls to Plaintiff's cellular telephone in an effort to collect said debt.

26. Upon answering any of these calls, the Plaintiff was invariably met with a machine-operated voice that advised him to "please hold for the next available representative."

27. Plaintiff is informed and believes, and thereupon alleges, that Defendant relies heavily on the use of automatic telephone dialing systems for contacting customers in connection with loss mitigation and default servicing efforts.

28. Plaintiff is informed and believes, and thereupon alleges that the calls placed to Plaintiff's cellular telephone which were made with an automatic telephone dialing system, as evidenced by the message advising him to hold for a representative, and the characteristic period of hold music or "dead air" that Plaintiff experienced prior to the calling party coming onto the line.

29. Plaintiff is informed and believes, and thereupon alleges that it is the policy and practice of Defendant to refuse to acknowledge Notices of Appearance or Letters of Representation received from allegedly delinquent consumers or their attorneys, thus also refusing to acknowledge the inherent directive to cease communication included therein, specifically for the purposes of

7

effecting continued direct collection efforts from allegedly delinquent consumers, and to avoid dealing with their respective attorneys.

30. Plaintiff is informed and believes, and thereupon alleges that hundreds, if not thousands, such Notices of Appearance and Letters of Representation have been provided to, and subsequently disregarded by the Defendant in the above-described manner, during the time frame relevant to the instant action.

31. Plaintiff is informed and believes, and thereupon alleges that, despite receipt of a Letter of Representation, and its inherent cease communication directive, Defendant's continued collection efforts involved the placement of autodialed calls and/or recorded messages to the cellular telephones of allegedly delinquent consumers.

## CLASS ACTION ALLEGATIONS

32. This action is brought on behalf of a class consisting of (i) all persons in the State of Florida (ii) who were the subject of Defendant's debt collection activities (iii) in regard to their residential property located in Florida (iv) and represented by counsel with respect to said debt (v) according to Defendant's business records (vi) yet continued to receive prerecorded or auto-dialed calls on their cellular telephone from Defendant (vii) over the last four years.

33. The above-cited class definition excludes the Defendant, their legal representatives, assigns, and successors, and any entity in which the Defendant has a controlling interest. Also excluded from the Class is the judge to whom this case is assigned as well as the Judge's immediate family. Plaintiff reserves the right to amend the above-stated Class definition based upon facts learned in discovery.

34. Plaintiff is informed and believes, and thereupon alleges that the Defendant's policy and practice of refusing to acknowledge attorney Letters of Representation is so pervasive that the class of affected consumers is so numerous that joinder of all members of the class is impracticable. There are more than forty-one (41) such individuals in the Class as previously defined herein.

35. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual and/or legal issues common to each class member are as follows:

   (a) Whether Defendant's conduct is governed by the TCPA;

   (b) Whether an attorney's notice of appearance on behalf of a defendant in a mortgage foreclosure action, and the inherent cease communication directive set out in Fla. Stat. § 559.72(18)

constitutes revocation of "prior express consent" as that term relates to the TCPA;

(b) Whether the calls made by the Defendant, as described herein, violated the TCPA;

(c) Whether the class members are entitled to treble damages based upon the willfulness of Defendant's conduct, and;

(d) Whether Defendant should be enjoined from engaging in such conduct in the future.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff incorporates Paragraphs 1 through 35.

37. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, using any automatic telephone dialing system or an artificial or prerecorded voice, and not legally permitted under any provision of the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory damages for each violation of the TCPA;

b. Statutory damages for each knowing or willful violation of the TCPA;

    c.    A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    d.    Attorney's fees, litigation expenses and costs of the instant suit; and

    e.    Such other or further relief as the Court deems proper.

## COUNT II
## THE FLORIDA CONSUMER COLLLECTION PRACTICES ACT

38. Plaintiff incorporates Paragraphs 1 through 35.

39. Florida law provides that "In collecting consumer debts, no person shall. . . communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication." Fla. Stat. § 559.72(18).

40. Defendant was notified in writing that the Plaintiff was represented by an attorney, and said attorney's name and address was provided in the notice. Despite receiving notification of attorney representation, Defendant

continued to contact Plaintiff directly in it attempts to collect the subject debt.

41. Florida law further provides that "no person shall. . . willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7).

42. Defendant's persistent and unlawful calling campaign was carried out with the intent to abuse and harass the Plaintiff.

43. Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7), 559.72(18).

44. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

45. Plaintiff seeks a permanent injunction prohibiting Defendant and any other party from calling Plaintiff regarding the alleged debt.

46. Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages, both statutory and actual;

    b.    Declaring that Defendant's practices are in violation of the FCCPA;

    c.    Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

    d.    Attorney's fees, litigation expenses and costs of suit; and

    e.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated:  June 20, 2013

Respectfully submitted,

    SCOTT D. OWENS, ESQ.
    664 E. Hallandale Beach Boulevard
    Hallandale, FL 33009
    Telephone:  954-589-0588
    Facsimile:  954-337-0666
    scott@scottdowens.com

    By:  /s/ Scott D. Owens, Esq.
         Scott D. Owens, Esq.
         Florida Bar No. 0597651

    BRET L. LUSSKIN, Esq.
    Attorney for Plaintiff
    1001 N. Federal Hwy., Ste 106
    Hallandale Beach, Florida 33009

Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: <u>/S/ Bret L. Lusskin, Esq.</u>
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069