UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-61372-WPD

MARC KATZ, on behalf of himself and
others similarly situated,

        Plaintiff,

vs.

BANK OF AMERICA, N.A., a national
bank,

        Defendant.

_____/

## DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Bank of America, N.A. ("Defendant"), for itself and for no other party, hereby answers the class action complaint ("Complaint") of Plaintiff Marc Katz ("Plaintiff"), responding to the correspondingly numbered paragraphs thereof as follows:

### NATURE OF THE ACTION

1.    Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiff seeks redress under the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Defendant denies engaging in any illegal, negligent, or willful act or omission, denies violating any provision of the TCPA or the FCCPA or any other law, and denies that this action is appropriate for class treatment. Defendant also denies that Plaintiff and the purported class he seeks to represent are entitled to any damages, remedies, or recovery from Defendant. Further, this paragraph consists of legal conclusions to which no response is required.

### JURISDICTION AND VENUE

2.    Answering Paragraph 2 of the Complaint, Defendant admits that it does business in and places phone calls into the Southern District of Florida. Further, this paragraph consists of

legal conclusions to which no response is required.  As to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

## PARTIES

3. Answering Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

4. Answering Paragraph 4 of the Complaint, Defendant admits it is a national association and has a principal place of business at 100 North Tryon Street, Charlotte, NC 28202.

5. Answering Paragraph 5 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

6. Answering Paragraph 6 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

7. Answering paragraph 7 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

8. Answering paragraph 8 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

9. Answering paragraph 9 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

10. Answering Paragraph 10 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

11. Answering Paragraph 11 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

12. Answering Paragraph 12 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

13. Answering Paragraph 13 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

14. Answering Paragraph 14 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

15. Answering Paragraph 15 of the Complaint, without further detail in the allegations Defendant is without sufficient knowledge or information to form a belief as to the allegations and on that basis denies the allegations.

16. Answering Paragraph 16 of the Complaint, Defendant admits that BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, LP, instituted the action against Plaintiff.  Defendant is the successor by merger to BAC Home Loans Servicing, LP.

17. Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

18. Answering Paragraph 18 of the Complaint, Paragraph 18 refers to a document in writing that speaks for itself, and the writing is the best evidence of what is contained therein. To the extent the allegations contained in Paragraph 18 contradict the writing, they are denied. As to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

19. Answering Paragraph 19 of the Complaint, Paragraph 19 refers to a document in writing that speaks for itself, and the writing is the best evidence of what is contained therein. To the extent the allegations contained in Paragraph 19 contradict the writing, they are denied.

20. Answering Paragraph 20 of the Complaint, Paragraph 20 refers to a document in writing that speaks for itself, and the writing is the best evidence of what is contained therein. To the extent the allegations contained in Paragraph 20 contradict the writing, they are denied. As to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

21. Answering Paragraph 21 of the Complaint, Paragraph 21 refers to a document in writing that speaks for itself, and the writing is the best evidence of what is contained therein. To the extent the allegations contained in Paragraph 21 contradict the writing, they are denied.

22. Answering Paragraph 22 of the Complaint, Paragraph 22 refers to a document in writing that speaks for itself, and the writing is the best evidence of what is contained therein. To the extent the allegations contained in Paragraph 22 contradict the writing, they are denied.

23. Answering Paragraph 23 of the Complaint, Paragraph 23 refers to a document in writing that speaks for itself, and the writing is the best evidence of what is contained therein. To the extent the allegations contained in Paragraph 23 contradict the writing, they are denied.

24. Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

25. Answering Paragraph 25 of the Complaint, without further detail in the allegations Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

26. Answering Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

27. Answering Paragraph 27 of the Complaint, Defendant admits that it at times uses various technologies to facilitate telephone communications.  As to the remaining allegations,

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

28. Answering paragraph 28 of the Complaint, without further detail in the allegations Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Paragraph, and on that basis, denies them.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations in this Paragraph.

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations in this Paragraph.

31. Answering Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Paragraph, and on that basis, denies them.

## CLASS ACTION ALLEGATIONS

32. Answering Paragraph 32 of the Complaint, Defendant denies that Plaintiff is a proper class representative, deny that the proposed class definition is proper, and deny that this action is appropriate for class treatment.

33. Answering Paragraph 33 of the Complaint, Defendant denies that Plaintiff is a proper class representative, deny that the proposed class definition is proper, and deny that this action is appropriate for class treatment.

34. Answering Paragraph 34 of the Complaint, Defendant denies that it has a policy and practice of refusing to acknowledge attorney Letters of Representation. As to the remaining allegations, Defendant denies that Plaintiff is a proper class representative and denies that this action is appropriate for class treatment.

35. Answering Paragraph 35 of the Complaint and its subparts, Defendant denies these allegations and denies that this action is appropriate for class treatment. Defendant also denies that Plaintiff and the purported class he seeks to represent are entitled to any damages,

remedies, or recovery from Defendant. Further, this paragraph consists of legal conclusions to which no response is required.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. Answering Paragraph 36 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Answering Paragraph 37 of the Complaint, this Paragraph consists of legal conclusions to which no response is required. Defendant denies that Plaintiff and the purported class he seeks to represent are entitled to any damages, remedies, or recovery from Defendant. As to the remaining allegations in this Paragraph, Defendant denies the allegations.

## COUNT II

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. Answering Paragraph 38 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39. Answering Paragraph 39 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

40. Answering Paragraph 40 of the Complaint, Paragraph 40 refers to a document in writing that speaks for itself, and the writing is the best evidence of what is contained therein. To the extent the allegations contained in Paragraph 40 contradict the writing, they are denied. As to the remaining allegations in this Paragraph, without further detail in the allegations Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the Paragraph, and on that basis, denies them.

41. Answering Paragraph 41 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

42.     Answering Paragraph 42 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.  As to the remaining allegations, Defendant denies the allegations in this Paragraph.

43.     Answering Paragraph 43 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

44.     Answering Paragraph 44 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

45.     Answering Paragraph 45 of the Complaint, Defendant denies that Plaintiff and the purported class he seeks to represent are entitled to any damages, remedies, or recovery from Defendant.

46.     Answering Paragraph 46 of the Complaint and its subparts, this Paragraph consists of legal conclusions to which no response is required.  As to the remaining allegations, Defendant denies that Plaintiff and the purported class he seeks to represent are entitled to any damages, remedies, or recovery from Defendant, and denies that this Action is appropriate for class treatment.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

47.     Plaintiff and others alleged to be members of the purported class lack standing to bring or maintain the claims asserted in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

48.     The Complaint fails to state a claim upon which relief can be granted against Defendant.

### THIRD AFFIRMATIVE DEFENSE

49.     Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part by the applicable statutes of limitations, including but not limited to 28 U.S.C. section 1658 and Fla. Stat. section 559.77(4).

### FOURTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part to the extent damages are offset by amounts owed to Defendants under the contracts at issue.

### FIFTH AFFIRMATIVE DEFENSE

51. Plaintiff and others alleged to be members of the purported class are barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, and/or other equitable doctrines.

### SIXTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because they have failed to mitigate their alleged damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims and the claims of others alleged to be members of the purported class for breach of contract are barred in whole or in part to the extent Plaintiff or purported class members committed a first breach of their agreements with Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because Plaintiff and others alleged to be members of the purported class consented to, ratified, or acquiesced in all of the alleged acts or omissions of which they complain.

### NINTH AFFIRMATIVE DEFENSE

55. To the extent Plaintiff seeks to bring this Complaint on behalf of a class, this action cannot be maintained as a class action because, *inter alia*, Plaintiff does not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### TENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because the Complaint fails to allege facts sufficient for injunctive or equitable relief against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because any alleged acts or omissions of Defendants giving rise to Plaintiff's claims, if any, were not intentional and were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures adapted and implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

### TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims and the claims of others alleged to be members of the purported classes are barred in whole or in part by laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

59. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

### FOURTEENTH AFFIRMATIVE DEFENSE

60. Defendant's conduct was privileged and/or justified.

### FIFTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff and others alleged to be members of the purported class have waived any and all claims, rights, and demands made by them in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

62. Plaintiff and others alleged to be members of the purported class have released any and all claims, rights, and demands made by them in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

63. Plaintiff and others alleged to be members of the purported class gave Bank of America prior express consent for the telephone calls at issue in this action. 47 U.S.C. § 227(b)(1)(A).

## EIGHTEENTH AFFIRMATIVE DEFENSE

64. Plaintiff and others alleged to be members of the purported class initiated communications with Defendant, and/or their attorney failed to respond within a reasonable period of time to a communication from Defendant, and/or their attorney consented to Defendant's direct communication with them. Fla. Stat. § 559.72(18).

## NINETEENTH AFFIRMATIVE DEFENSE

65. Plaintiff and others alleged to be members of the purported class have an existing business relationship with Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

66. Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

67. Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

68. Defendant specifically denies that it acted with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

69. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

70. If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

71. If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

72. Should Plaintiff prevail against Defendant, Defendant's liability is several and limited to their own actionable segment of fault, if any.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

73. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff and others alleged to be members of the purported class take nothing by reason of the Complaint;

2. For their costs of suit herein;

3. For attorney's fees according to proof; and

4. For such other and further relief as this Court may deem just and proper.

DATED:  August 15, 2013

                Respectfully submitted,

                 /s/   David Stauber_____
                J. RANDOLPH LIEBLER
                Florida Bar No. 507954
                E-mail:  jrl@lgplaw.com
                MARC T. PARRINO
                Florida Bar No. 0018197
                E-mail: mtp@lgplaw.com
                DAVID B. STAUBER
                Florida Bar No. 85446
                E-mail: dbs@lgplaw.com
                Attorneys for Bank of America, N.A.
                **LIEBLER, GONZALEZ & PORTUONDO, P.A.**
                Courthouse Tower - 25th Floor
                44 West Flagler Street
                Miami, FL 33130
                Telephone:  (305) 379-0400
                Fax:  (305) 379-9626

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of August, 2013, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

                 /s/ David Stauber_____
                DAVID B. STAUBER

Scott D. Owens, Esquire
664 E. Hallandale Beach Boulevard
Hallandale, FL 33009
*Attorneys for Plaintiff*
scott@scottdowens.com

Bret L. Lusskin, Esquire
1001 North Federal Highway, Ste. 106
Hallandale Beach, FL 33009
blusskin@lusskinlaw.com